UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARLOS DANIEL ELIAS VASQUEZ,

Petitioner,

v.

BRUCE SCOTT et al.,

Respondents.

CASE NO. 2:26-cv-02515-DGE

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
(DKT. NO. 1)

Before the Court is Petitioner Carlos Daniel Elias Vasquez's petition for writ of habeas corpus.  (Dkt. No. 1.)  The Court GRANTS the petition for writ of habeas (Dkt. No. 1) and orders Petitioner's release subject to reasonable conditions of supervision.  The Court finds the immigration judge ("IJ") abused her discretion in denying bond and, as a result, Petitioner's bond hearing was constitutionally deficient.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 1

## I    BACKGROUND

### A. Factual Background

Petitioner, a citizen and native of El Salvador, entered the United States without inspection or admission in June 2012 when he was 13 years old.  (Dkt. Nos. 1 at 6; 7 at 1.)  Since that time, Petitioner has continuously resided in the United States.  (Dkt. No. 1 at 6.)  Upon entry, Petitioner lived with his family in California until he graduated high school in 2019.  (*Id.*)  After graduation, Petitioner moved to Washington to pursue work opportunities.  (*Id.*)  On December 10, 2023, the Snohomish County Sheriff's Office arrested Petitioner for two counts of second-degree burglary.  (*Id.* at 7; *see also* Dkt. No. 7 at 1.)  Petitioner's assigned defense counsel reserved argument on probable cause at the initial court appearance and the court made an initial finding of probable cause.  (Dkt. 1-4 at 46.).  Petitioner was then released on his own recognizance with conditions.  (*Id.*)  The prosecutor, however, never filed a charging document, leading to the dismissal of the matter after 72 hours per "court policy."  (*Id.* at 47.)  In June 2025, Petitioner began working at Fischer Restoration.  (Dkt. No. 1 at 6.)

Petitioner first encountered immigration officials on May 13, 2026, when Immigration and Customs Enforcement ("ICE") arrested him during a target operation.  (*Id.*; Dkt Nos. 7 at 2; 5-3 at 2.)  On the same day, immigration officials served Petitioner a Notice to Appear, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i).  (Dkt. Nos. 1-1 at 1; 7 at 2; 5-1 at 2.)  Petitioner has been in custody at the Northwest ICE Processing Center since then.

On May 28, 2026, Petitioner filed a motion for custody redetermination with the Tacoma immigration court.  (Dkt. No. 7 at 2.)  IJ Tammy L. Fitting held a bond hearing on June 2, 2026.  (Dkt. Nos. 1 at 7; 7 at 2.)  In advance of the hearing, Petitioner submitted evidence of his ties to the United States, including proof of residence, tax filings from the previous four years, six

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 2

letters of support from family and community members, and other supporting evidence. (Dkt. No. 1 at 7; 1-4 at 2–49.) Respondents submitted only Petitioner's "Record of Deportable/Inadmissible Alien (Form I-213)." (Dkt. No. 1-5 at 2.) The I-213 indicates ICE arrested Petitioner because Department of Homeland Security system queries revealed Petitioner was a "known member of the Vasquez Network, a Seattle based smuggling organization that also manufactures fraudulent documents." (*Id.* at 3; Dkt. No. 5-2 at 3–4.) The I-213 further identified that Petitioner's 2023 burglary charges remained pending. (Dkt. No. 5-2 at 5.)

Respondents provided the Court with an audio recording of the bond hearing. (Dkt. No. 5-5; *see also* Dkt. No. 6.) At the bond hearing, Petitioner's counsel explained that Petitioner's December 2023 arrest was not pending, and Petitioner did not have a criminal history. (Dkt. No. 5-5 at 1 min., 27 sec. to 1 min., 34 sec.) Petitioner's counsel further highlighted that Petitioner has lived in the United States since he was young, is a high school graduate, has fixed residence, stable employment, and immediate family members in the United States, including his father who has work authorization. (*Id.* at 1 min., 12 sec. to 1 min., 57 sec.) Petitioner's counsel confirmed he would be seeking asylum and "related forms of relief," and acknowledged Petitioner has a pending DACA application. (*Id.* at 2 min., 6 sec. to 2 min., 48 sec.) Respondents argued Petitioner was a danger to the community and a flight risk because of his December 2023 arrest and because Petitioner is alleged to be "related to" a criminal organization that manufactures fraudulent documents. (*Id.* at 3 min., 20 sec., to 3 min., 50 sec.) Respondents further argued that Petitioner has not applied for relief since entering the United States. (*Id.* at 3 min., 49 sec. to 4 min.) The IJ then discussed Petitioner's "very limited forms of relief" within immigration court. (*Id.* at 4 min. to 4 min., 50 sec.)

IJ Fitting denied bond for lack of jurisdiction, concluding Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (*Id.* at 5 min, 1 sec., to 5 min., 12 sec.; *see also* Dkt. No. 1-2 at 1.)  Alternatively, she concluded Petitioner was a flight risk and a danger to the community.  (Dkt. Nos. 5-5 at 5 min., 26 sec. to 6 min., 1 sec.; 1-2 at 2.)  Concerningly, the IJ's written order following the bond hearing contains neither factual findings, credibility determinations, nor any legal analysis explaining or elaborating upon any conclusion whatsoever.  (*See* Dkt. No. 5-6 at 2–3.)  With regard to this issue, Respondents simply assert that an appeal within the immigration process would provide a complete record for review.  (Dkt. No. 7 at 3.)

On July 1, 2026, Petitioner filed an application for asylum and withholding of removal with the immigration court.  (Dkt. No. 7 at 3.)

**B.  Procedural Background**

On July 16, 2026, Petitioner filed this instant habeas petition.  (Dkt. No. 1.)  Pursuant to the Court's standard scheduling order (Dkt. No. 2), Respondents filed a response on July 31, 2026 (Dkt. No. 4), and Petitioner filed his traverse on August 5, 2026 (Dkt. No. 8).

In his habeas petition, Petitioner argues he is a member of the *Rodriguez Vazquez*[1] bond denial class, and the IJ incorrectly concluded he was subject to mandatory detention.  (Dkt. No. 1 at 1.)  Petitioner further contends the IJ abused her discretion by failing to conduct a meaningful analysis of his circumstances and violated his rights under the Due Process Clause of the Fifth Amendment.  (*Id.* at 17–19.)  He seeks immediate release.  (*Id.* at 20.)

In light of *Rodriguez Vazquez v. Hermosillo*, Case No. 25-6842 (9th Cir. July 30, 2026), Respondents concede Petitioner is subject to 8 U.S.C. § 1226(a).  (Dkt. No. 4 at 1.)  However,

---

[1] *See Rodriguez Vazquez v. Hermosillo et al*, Case No. 3:25-cv-05240-TMC.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 4

Respondents contend Petitioner has failed to demonstrate that the prudential exhaustion requirement should be waived, and even if the Court were to reach the merits of Petitioner's arguments, he is not entitled to release because he received a constitutionally adequate bond hearing.  (Dkt. No. 4 at 5, 9–14.)

## II    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, Case No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, Case No. C24-0326-JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

## III    DISCUSSION

### A. The Court Waives Any Prudential Exhaustion Requirement

Respondents argue Petitioner "has failed to demonstrate the unique, individualized circumstances required to excuse his failure to waive the prudential exhaustion requirement[]" and has otherwise failed to allege irreparable harm-based support for waiving the requirement. (Dkt. No. 4 at 5, 9.)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 5

In the immigration habeas context, exhaustion of administrative remedies is prudential rather than jurisdictional. *Fletes-Velasquez v. Hernandez*, Case No. 2:26-cv-01908 TSZ, 2026 WL 1871890, at *2 (W.D. Wash. June 30, 2026). Under the factors outlined in *Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007),[2] prudential exhaustion is not necessary where the petitioner is "challenging issues other than the [Board of Immigration Appeals' ("BIA")] ruling on removability," *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004) (citing *Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003)), such as when a habeas petition raises a constitutional challenge to the adequacy of a bond hearing. *See Garcia Miranda v. Hernandez*, Case No. 26-cv-906, 2026 WL 1328227, at *2 (W.D. Wash. May 13, 2026). The Court may waive prudential exhaustion if (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void." *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing*, 370 F.3d at 1000).

The Court has previously waived the exhaustion requirement for petitioners in nearly identical circumstances to Petitioner. *See Lima Soriano v. Hernandez*, --- F. Supp. 3d ----, Case No. 2:26-cv-00900-DGE, 2026 WL 969764, at *3 (W.D. Wash. Apr. 10, 2026) ("[T]he facts in this case are undisputed and the actual issue is whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk.")*; Suchite-Mendez v. Mullin*, Case No. 2:26-cv-01691-DGE, 2026 WL 1801004, at *3–4 (W.D.

---

[2] In <u>Puga</u>, the Ninth Circuit applied, in the immigration habeas context, the following standard for determining whether to require prudential exhaustion: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. 488 F.3d at 815 (citations omitted).

Wash. June 23, 2026) (petitioner argued his detention is governed by 8 U.S.C. § 1226(a) and the IJ violated the Due Process Clause by conducting a constitutionally inadequate bond hearing). Accordingly, for the same reasons as *Lima Soriano* and *Suchite-Mendez*, the Court finds it appropriate to waive any requirement that Petitioner exhaust his administrative remedies before seeking habeas relief.

**A. Petitioner's Bond Denial**

    1. <u>The Court has jurisdiction to review the bond denial.</u>

In general, the Court does not have jurisdiction to review discretionary bond decisions.  8 U.S.C. § 1226(e) states, "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  However, § 1226(e) does not preclude "habeas jurisdiction over constitutional claims or questions of law." *Hernandez*, 872 F.3d at 987 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the IJ's discretionary bond determination was not reviewable in federal court . . . we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation.").  Accordingly, "a district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432 at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases).

Respondents agree that federal district courts retain jurisdiction to review bond determinations for constitutional claims or clear legal error, but argue Petitioner is attempting to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 7

relitigate a discretionary bond determination.  (Dkt. No. 4 at 10.)  Petitioner contends the IJ's conclusion that he was a flight risk and community danger is contrary to both the Immigration and Nationality Act ("INA") and the Due Process Clause because it fails to meaningfully consider evidence that would support Petitioner's release.  (Dkt. No. 1 at 18–19.)  Petitioner is not challenging the IJ's discretionary judgment but is instead challenging "whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled."  *W.T.M. v. Bondi*, Case No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026).  Given the nature of Petitioner's challenge, the Court finds it has subject matter jurisdiction over Petitioner's claims.

2.   Petitioner's bond hearing violated due process.

Petitioner argues the IJ's bond denial was constitutionally deficient because she failed to make any factual findings or articulate any justification prior to issuing her decision.  (Dkt. No. 8 at 3.)

"The habeas court's review of an immigration judge's determination of flight risk is for abuse of discretion."  *Soriano*, 2026 WL 969764, at *4 (citing *Martinez*, 124 F.4th at 784–785).  "Under an abuse of discretion standard, '[a district court] cannot reweigh evidence. . . [but] can [only] determine whether the BIA applied the correct legal standard.'"  *Martinez*, 124 F.4th at 785 (citation modified) (considering "dangerousness"); *see id.* at 783 ("Even though what constitutes 'dangerousness' is malleable and involves agency discretion,. . . this is still a legal standard so long as federal courts can assess whether an IJ correctly applied the statutory standard to a given set of facts."); *see also Lopez Reyes v. Bonnar*, Case No. 18-cv-07429-SK, 2018 WL 7474861, at *8 (N.D. Cal. Dec. 24, 2018) ("where the IJ misinterpreted or failed to consider probative evidence, the Court may review such errors under its habeas review.").

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 8

An IJ may consider the following factors in making bond determinations:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020).

The habeas court's review of an IJ's determination of flight risk is for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 779, 784–785 (9th Cir. 2024); *Anyanwu v. Bondi*, Case No. C25-995-JLR-MLP, 2025 WL 3466910, at *4 (W.D. Wash. Oct. 6, 2025), *report and recommendation adopted*, Case No. C25-0995JLR, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025). When reviewing a determination for abuse of discretion, a court may only determine whether the IJ applied the correct legal standard, not reweigh evidence. *Martinez*, 124 F.4th at 785.

The Court concludes the IJ's decision to deny Petitioner's bond was improper for two reasons. First, it was legally erroneous to conclude the immigration court lacked jurisdiction to consider Petitioner's bond based on 8 U.S.C. § 1225. *See Rodriguez Vazquez,* Case No. 25-6842. "The Court finds this erroneous conclusion tainted the IJ's consideration of Petitioner's bond request." *Garcia Gabriel v. Hermosillo*, Case No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *4 (W.D. Wash. Jan. 26, 2026). An IJ is required to acknowledge eligibility for a bond and then apply the relevant factors. Determining Petitioner was subject to mandatory detention first and then concluding without explanation Petitioner was a flight risk and a danger

to the community highlights the fact the IJ applied an incorrect legal standard when considering Petitioner's bond request.  The Court concludes the IJ abused her discretion when she denied Petitioner's bond request.

Second, the record is devoid of any indication of what evidence the IJ in fact considered in denying Petitioner's bond request.  Under longstanding Ninth Circuit immigration precedent, the failure to provide any reasoned explanation is an abuse of discretion.  *Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014); *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (a court "abuses its discretion when its fails to consider and address in its entirety the evidence submitted by a petitioner") (internal citations omitted).  So is the failure to apply the correct legal standard.  *See Martinez*, 124 F.4th at 785.  The Court is aware that the practice in immigration court is to provide written reasons for a bond decision only upon appeal of that decision, *see* EOIR Policy Manual, Part II, Chapter 8.3(7), available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last visited August 6, 2026).  But providing a written memorandum after the fact does not cure the fundamental legal error of failing to provide any reasons or apply the *Guerra* factors at the hearing itself.  It cannot be that a noncitizen facing years of detention may only learn the reasons for his incarceration if he chooses to appeal it to the BIA, particularly when that appeal will likely prove futile.  It is unclear how a detainee could even make an informed decision whether to appeal without knowing the IJ's reasons for finding them a flight risk or a danger to the community.

Petitioner presented ample evidence to the IJ that he is not a flight risk nor a danger to the community.  (*See* Dkt. No. 1-4.)  Petitioner has resided in the United States for over 14 years and has had steady employment and close family members in the California area.  He does not have any criminal history beyond an arrest in 2023 that did not ripen into formal charges.  Petitioner

provided to the IJ numerous letters of support from family members and friends. Furthermore, he has no history of failing to appear for immigration proceedings, or any attempt to flee. Respondents presented no evidence contesting these facts. However, the IJ made no mention at the hearing of the *Guerra* factors and gave no reasons for her decision to deny bond.

The IJ abused her discretion by (1) concluding Petitioner was subject to mandatory detention; (2) failing to give any reasoned explanation for her decision; and (3) failing to apply the *Guerra* factors at the hearing. Whether characterized as a violation of the INA or of due process, these failures render Petitioner's detention unlawful. *See Martinez*, 124 F.4th at 783 (describing the *Guerra* factors as the "statutory standard"); *Minango v. Bondi*, Case No. 2:26-cv-00235-ART-BNW, 2026 WL 1257028, at *4 (D. Nev. May 6, 2026) (finding a due process violation where the IJ "failed to apply the correct legal standard as required by due process"); *Gimenez v. Hernandez*, Case No. 2:26-cv-00966-GJL, 2026 WL 1156075, at *6 (W.D. Wash. Apr. 29, 2026) ("Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJs abuse discretion in bond determinations." (collecting cases)).

### 3. Appropriate remedy

Petitioner argues the Court should release him immediately because he is not a flight risk or a danger to the community, nor is he subject to mandatory detention. (Dkt. No. 1 at 19.) Respondents contend Petitioner is not entitled to release and the Court should instead direct the IJ to issue a written bond memorandum clearly setting forth her complete reasoning for the bond denial. (Dkt. No. 4 at 15.)

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).  Under the circumstances, the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy.  *See Soriano*, 2026 WL 969764, at *6 (ordering release); *Vasquez Lopez v. Hernandez*, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) (same); *W.T.M.*, 2026 WL 262583, at *5 (same); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 131 (D.R.I. 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing"); *Miri v. Bondi*, Case No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering habeas petitioner's immediate release after finding IJ abused discretion in denying petitioner's request for bond at the bond determination hearing).

The Court has no doubt that IJs, including IJ Fitting, are capable of applying the *Guerra* factors and explaining the basis for their findings on the record at bond hearings. Notwithstanding, based on recent habeas petition filings, it appears the IJs are providing little to no explanation in support of their findings.  If the IJs continue to issue bond denial orders without any explanation in writing or on the record, the IJs and Respondents can expect the Court will continue to grant habeas relief.

## IV    CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's petition for writ of habeas corpus.  (Dkt. No. 1.)  The Court further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody with reasonable conditions of supervision within ONE day of this Order.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 12

2. Petitioner SHALL not be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.[3]

3. Within **TWENTY-FOUR (24)** hours of this order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody and SHALL file a copy of the conditions of supervision.

4. Petitioner seeks an award of fees.  (Dkt. No. 1 at 20.)  Petitioner is GRANTED leave to file a motion for attorney fees.  The motion for fees shall identify the legal authority supporting the award of fees and shall be filed **no later than November 5, 2026**.  The Parties are strongly encouraged to meet and confer regarding fees before Petitioner files a motion for attorney fees.

The Clerk is directed to calendar this event and close the matter.

Dated this 7th day of August, 2026.

David G. Estudillo
United States District Judge

---

[3] In the event Petitioner is re-detained after his release pursuant to this Order, any claim by Petitioner that he has been unlawfully re-detained in violation of this Order shall be presented as a new habeas petition.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 13